IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

PERRY STERLING SHAFFER,

        Plaintiff,

v.                              CIVIL ACTION NO.   3:17-cv-00722

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This action for judicial review of an administrative determination under the Social Security Act was referred to a United States Magistrate Judge for proposed findings of fact and recommendation for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Now pending before the Court are Plaintiff's and Defendant's Briefs in Support of Judgment on the Pleadings. ECF Nos. 16, 17. The Magistrate Judge recommends that the Court **DENY** Defendant's Motion, **GRANT** Plaintiff's Motion, and **REMAND** this case to the Social Security Administration for further proceedings. For the following reasons, the Court **REJECTS** the Magistrate Judge's PF&R and **REMANDS** this case to the Magistrate Judge for further proceedings consistent with this Memorandum Opinion and Order. Both Defendant's and Plaintiff's motions subsequently remain pending in this Court.

## I.    Background

Plaintiff filed a Title XVI claim for supplemental security disability benefits with the Social Security Administration on October 18, 2012 in which he alleged disability beginning on April 15,

2011. ECF No. 2. His claim was initially denied on March 28, 2013, and Plaintiff filed a request for hearing on December 18, 2013. *Id*. An administrative hearing was held on August 5, 2015, during which an Administrative Law Judge ("ALJ") heard evidence on Plaintiff's claims. After consideration of the case, the ALJ entered a decision on September 23, 2015 finding that Plaintiff was not disabled. *Id*.

Plaintiff sought review of the ALJ's decision by the Appeals Council on November 20, 2015. *Id*. In his request for review, Plaintiff submitted additional evidence to the Council. ECF No. 11-2, at 6. The Council admitted the following new evidence in its consideration of Plaintiff's request for reconsideration: Exhibit 17E, Representative's Appeals Brief from Jan Dils, Esq. dated November 19, 2015; Exhibit 22F, Treatment records from Randall Hawkins, M.D., dated August 24, 2015 through September 29, 2015; and Exhibit 23F, Treatment record from Shrikant Vaidya, M.D., dated August 3, 2015. *Id*. After consideration of the administrative record and the new evidence, the Appeals Council denied Plaintiff's request for review on November 23, 2016, thereby making the ALJ's decision the final decision of the Commissioner. ECF No. 2.

Plaintiff filed the present Complaint on January 20, 2017, seeking judicial review of the Commissioner's final decision to deny his claims for benefits. ECF No. 2. In his Complaint, Plaintiff makes two arguments: (1) "the ALJ erred by failing to properly assess [Plaintiff's] impairment of obesity at all steps of the sequential evaluation," and (2) "the ALJ erred by failing to perform the required function-by-function analysis when determining [Plaintiff's] [residual functional capacity]." ECF No. 16, at 8. Regarding his second argument, Plaintiff asserts that the ALJ had a duty to prepare a residual functional capacity assessment for all severe impairments. *Id*., at 12. Before reaching this step in her consideration of Plaintiff's case, the ALJ had found that Plaintiff suffered from several severe impairments including degenerative disc disease, obesity,

asthma, hypertension, degenerative joint disease, congestive heart failure, depression, and sleep apnea. *Id.*, at 13. The ALJ had explicitly found, however, that some of Plaintiff's alleged disabilities were *not* severe. *See* Tr. at 57; ECF No. 11-2, at 60. Specifically, the ALJ had found that "[psoriasis] [was] not a severe impairment." *Id.* Plaintiff does not dispute this finding in his petition to this Court.

Defendant filed a timely answer to Plaintiff's Complaint, ECF No. 10, and both parties filed Briefs in Support for Judgment on the Pleadings, ECF Nos. 16, 17. Plaintiff later filed a Reply to Defendant's Brief in Support. ECF No. 18. The case was referred to Magistrate Judge Dwane L. Tinsley for consideration and recommendation of disposition, and Judge Tinsley filed the present PF&R on February 28, 2018. ECF No. 19. Defendant filed timely objections to the PF&R on March 16, 2018. ECF No. 20.

## II.    Standards of Review

### a.   Standard of Review of PF&R

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the … [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, however, is not required to review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### b.   Standard of Review of Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." After

reviewing the prescribed materials, if the Court finds that the Commissioner's decision is supported by "substantial evidence," the Court must affirm the decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. Discussion

Defendant makes two objections to the PF&R. ECF No. 20. First, Defendant argues that the Magistrate Judge bases his recommendation on an issue not raised, and therefore waived, by Plaintiff and that, as such, Defendant had no opportunity to be heard on the issue before the Magistrate Judge made his recommendation. *Id*., at 1. Second, Defendant asserts that the basis upon which the Magistrate Judge recommends remanding this case to the Commissioner, Plaintiff's alleged psoriasis, is an inadequate and improper basis for remand. *Id*., at 5. The Court agrees with Defendant's second objection and **FINDS** that the evidence supports the ALJ's finding that Plaintiff's psoriasis is not a severe impairment such that it is disabling. Accordingly, the Court **REJECTS** the Magistrate Judge's PF&R and **SUSTAINS** Defendant's second objection. In sustaining Defendant's second objection, the Court finds that the arguments and concerns set forth in Defendant's first objection are mooted. Accordingly, the Court **DENIES as moot** Defendant's first objection regarding waiver.

Defendant's second objection is based upon, and the Court's review of the PF&R is therefore limited to, the Magistrate Judge's findings that "there is a reasonable possibility that the new evidence [submitted by Plaintiff to the Appeals Council] could have changed the ALJ's determination of whether [Plaintiff's] psoriasis was a severe impairment" and that "the ALJ's decision is not supported by substantial evidence as he has not reviewed the record as a whole." ECF No. 19, at 10–11.

The Magistrate Judge bases these findings and his recommendation entirely on one evidentiary exhibit, Exhibit 22F, that the Appeals Council admitted as new evidence upon Plaintiff's request for review. ECF No. 19, at 10. This exhibit includes two medical records from Dr. Randall Hawkins dated August 24, 2015 and September 29, 2015, respectively. Tr. at 771–84; ECF No. 11-8, at 176–89. In the earlier record, reported on August 24, 2015, Plaintiff saw Dr. Hawkins for a follow-up appointment and Dr. Hawkins included the following note in the record of the visit: "[Plaintiff is] doing well. Psoriasis is better." Tr. at 779; ECF No. 11-8, at 184. Dr. Hawkins also wrote that Plaintiff's skin was negative for eruptions or lesions, but noted psoriasis as a current visit problem at that time. Tr. at 781, 783; ECF No. 11-8, at 186, 188.

One month later, on September 29, 2015, Plaintiff visited Dr. Hawkins for another follow-up appointment, this time for his blood pressure. Tr. at 771; ECF No. 11-8, at 176. Dr. Hawkins included discussion of edema and obesity in his report of this visit, but the report includes no mention of psoriasis. *See* Tr. at 771–78; ECF No. 11-8, at 176–83. Dr. Hawkins again noted that Plaintiff's skin was negative for eruptions and lesions, Tr. at 773; ECF No. 11-8, at 178, and psoriasis was no longer listed as a "current visit problem" in the September report. *See* Tr. at 775; ECF No. 11-8, at 180.

In her Findings of Fact and Conclusions of Law, the ALJ who decided Plaintiff's case at the administrative level made the following findings regarding Plaintiff's psoriasis: (1) Plaintiff was not diagnosed with psoriasis by Dr. David Mumford in 2013; (2) "the [Plaintiff's] psoriasis is controlled through medication;" and (3) "[t]he overall record does not show significant treatment or a limitation of work related functioning secondary to psoriasis." Tr. at 57, ECF No. 11-2, at 60. In accordance with these findings, the ALJ concluded that Plaintiff's psoriasis was not a severe impairment. *Id.*

Relying on the new evidence that Plaintiff submitted to the Appeals Council in his request for reconsideration, the Magistrate Judge found that there was a sufficient basis to conclude that Plaintiff was diagnosed with psoriasis. ECF No. 19, at 10. "Consequently," the Magistrate Judge wrote in the PF&R, "there is a reasonable possibility that the new evidence could have changed the ALJ's determination of whether [Plaintiff's] psoriasis was a severe impairment." *Id.* at 10–11.

Based upon the new evidence admitted to the Appeals Council, the Court agrees with the Magistrate Judge that the new evidence contradicts the ALJ's finding that Plaintiff had not been diagnosed with psoriasis. Dr. Hawkins' report of Plaintiff's visit on August 24, 2015 clearly indicates that Plaintiff presented with psoriasis and the doctor's notes in the report indicate treatment for that psoriasis. *See* Tr. at 779–84; ECF No. 11-8, at 184–89. To that extent, then, the Court agrees with the Magistrate Judge that the new evidence could and should have changed the ALJ's determination as to whether Plaintiff had been medically diagnosed with psoriasis.

This discrepancy, however, does not end the Court's inquiry as to whether the ALJ's ultimate conclusion that Plaintiff's psoriasis was not a severe impairment is supported by substantial evidence. The Social Security Act empowers federal courts to review decisions of the Commissioner of Social Security only within a narrow scope. *See Blalock*, 483 F.2d at 775; 42 U.S.C. § 405(g). "The language [of the Act] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." *Blalock*, 483 F.2d at 775 (internal citation and quotation omitted). The relevant provision further clarifies that "the findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." *Id.*

"In order to qualify for disability benefits, an applicant must have an impairment or combination of impairments which significantly limits his physical or mental ability to do basic

work activities." *Gross v. Heckler*, 785 F.2d 1163, 1165 (4th Cir. 1986). "[M]edical conditions alone do not entitle a claimant to disability benefits; there must be a showing of related functional loss." *Felton-Miller v. Astrue*, 459 Fed.Appx. 226, 229–30 (4th Cir. 2011) (internal quotation and citation omitted) (unpublished opinion). Further, the burden is on the Plaintiff to demonstrate that he suffers from an impairment and that the impairment causes the requisite functional loss such that he is eligible for benefits. *Gross*, 785 F.2d at 1165.

In this case, the only new evidence submitted to the Appeals Council as it relates to Plaintiff's diagnosis of psoriasis is evidence that Plaintiff was, in fact, diagnosed with psoriasis in 2015. This contradicts the ALJ's finding that Plaintiff had never been diagnosed with psoriasis. This contradiction alone, though, does not entitle Plaintiff to disability benefits. Even if he can show a diagnosis of an impairment, Plaintiff still bears the burden of demonstrating that the impairment is severe and that he suffers functional loss as a result thereof. Plaintiff has done neither here, at least as it relates to his alleged disability of psoriasis.

In the newly submitted evidence, the only information pertaining to Plaintiff's psoriasis at all is that it was "better" in August 2015. Tr. at 779; ECF No. 11-8, at 184. This new information, that Plaintiff had been diagnosed with psoriasis in 2015 and that it was "better" as of August 2015, must be added to and read in light of the record as a whole. *See Blalock*, 483 F.2d at 775 (noting that the Court should search the "record as a whole" in its inquiry as to whether an ALJ's decision is supported by substantial evidence). In conducting such a review, the Court finds that Plaintiff has in no way shown new evidence that indicates that his psoriasis-related impairment was severe or that it functionally limited him in any way.

To the extent that the ALJ erred in her finding that Plaintiff had not been diagnosed with psoriasis, the Court finds that her error was harmless in that it did not affect her ultimate conclusion

that Plaintiff's psoriasis was not a severe impairment. The Supreme Court has instructed trial courts to review "ordinary administrative proceedings" in the same way that appellate courts review civil cases in the context of harmless error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Under this standard of review, an ALJ's error is harmless so long as the error did not preclude the ALJ's consideration of all relevant evidence. *See Moore v. Colvin*, 2015 WL 1481732, at *7 (S.D.W.Va. Mar. 31, 2015) (finding harmless error where, even though the ALJ mistakenly found that there had been significant gaps in treatment, she "nonetheless considered [the plaintiff's] treatments during these supposed gap periods" and her error "did not result in her excluding any relevant evidence from the analyses.").

The issue of whether Plaintiff had been officially diagnosed with psoriasis seems to have played a small part in the ALJ's ultimate decision that the evidence of the record did not support a finding that Plaintiff's psoriasis was a severe impairment. The ALJ, while noting that there had not been an official diagnosis, nevertheless considered that Plaintiff suffered from psoriasis and reviewed the impairment's impact on Plaintiff's daily life. The ALJ noted that Plaintiff's "psoriasis [was] controlled through medication" and that "[t]he overall record [did] not show significant treatment or a limitation of work related functioning . . ." Tr. at 57, ECF No. 11-2, at 60. So, while she may have erred in her finding that there was no official diagnosis, the ALJ still analyzed all relevant evidence and her ultimate conclusion is supported by the substantial evidence of the record.

The Court therefore agrees with the Magistrate Judge to the extent that the newly-admitted evidence points to an error in the ALJ's decision of Plaintiff's case. The Court finds, however, that the error was harmless and that the substantial evidence of the record supports the ALJ's ultimate

finding that Plaintiff's psoriasis was not a severe disability. Accordingly, the Court is required to uphold the Commissioner's decision and deny Plaintiff benefits on the basis of his psoriasis.

While the Court does not reach Defendant's first objection to the PF&R, it does note that the Magistrate Judge's findings and recommendations based on Plaintiff's alleged disability of psoriasis do not relate to Plaintiff's articulated grounds for judgment on the pleadings. *See* ECF No. 16. In his Brief in Support of Motion for Judgment on the Pleadings, Plaintiff lists two grounds on which he argues he is entitled to relief: (1) "[t]he ALJ failed to properly assess [Plaintiff's] impairment of obesity at all steps of the sequential evaluation," and (2) "[t]he ALJ erred by failing to perform the required function-by-function analysis when determining [Plaintiff's] RFC." ECF No. 16. Both grounds assert arguments related to Plaintiff's alleged impairment of obesity. Plaintiff makes no arguments regarding psoriasis. *See id.*

As the PF&R focused almost exclusively instead on the issue of Plaintiff's psoriasis, Plaintiff's arguments as they relate to his obesity have not been evaluated by the Magistrate Judge. Accordingly, the Court **REMANDS** this matter to the Magistrate Judge for further consideration and additional proposed findings and recommendations regarding the arguments that have been fully briefed by both Plaintiff and Defendant and are ripe for the Court's consideration.

## IV. Conclusion

For the reasons stated above, the Court **REJECTS** the Magistrate Judge's PF&R and **REMANDS** this case to the Magistrate Judge for consideration and resolution of Plaintiff's claims that (1) the ALJ erred by failing to properly assess Plaintiff's impairment of obesity at all steps of the sequential evaluation and (2) the ALJ erred by failing to perform the required function-by-function analysis when determining Plaintiff's RFC. Accordingly, both Plaintiff's and Defendant's Briefs in Support of Judgment on the Pleadings, ECF Nos. 16, 17, remain pending.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:         March 29, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE